Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00719-CR

Todd Warren **HARRISON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR8007
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:  Catherine Stone, Chief Justice
  Karen Angelini, Justice
  Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

DISMISSED

Pursuant to a plea bargain agreement, appellant Todd Warren Harrison pleaded nolo contendere to the offense of possession of a controlled substance with intent to deliver. As part of his plea-bargain, appellant signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea

bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant has not filed a response. After reviewing the record, we hold appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH